IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA,
WEST PALM BEACH DIVISION

| | |
|---|---|
| In re: | Case No: 24--13584-MAM |
| EVAN PHILLIP JOWERS, | Chapter 11 |
| Debtor. | |
| COUNSEL HOLDINGS, INC., | Adv. Case No.: 24-01338-MAM |
| Plaintiff, | |
| v. | |
| EVAN PHILLIP JOWERS, | |
| Defendant. | |

**COUNTER-DEFENDANT COUNSEL HOLDINGS, INC.'S REPLY
IN SUPPORT OF MOTION TO DISMISS OR ABSTAIN FROM HEARING**

The Plaintiff and Counter-defendant, Counsel Holdings, Inc., by and through undersigned counsel, files *Counter-defendant Counsel Holdings, Inc.'s Reply in Support of Motion to Dismiss Counterclaim or Abstain from Hearing* and as grounds therefore, Counsel Holdings states as follows:

1.  **Waiver by Failure to Timely File Response**

Debtor Evan Jowers ("**Debtor**") filed his Response (Dkt. 23) to Counsel Holdings Inc.'s ("**Counsel Holdings**") Motion to Dismiss on October 28, 2024. On October 1, 2024, the Court ordered that Debtor file any response by October 23, 2024, warning that "[f]ailure to timely file a Response may result in the Court granting the Motion." (Dkt. 17, at 2). Debtor's response (the "**Response**") was not filed timely, and

there was no request for leave to file late, showing a disregard for the Court's order. The Court need not reach the merits and should grant the Motion on this basis.

### 2.   Failure to Respond to Jurisdictional Argument

If the Court considers the Response, it should, first, dismiss the counterclaims for lack of jurisdiction. The Response fails to address Counsel Holdings' jurisdictional argument based on *Stern v. Marshall*. (*See* Motion, at 4). The FCCPA claims are non-core and unrelated to bankruptcy's core functions. This alone warrants dismissal, as "a 'party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed.'" *See, e.g.*, *Rasof v. Lyubovny*, No. 22-60930, 2022 WL 18464860, at *2 (S.D. Fla. Nov. 1, 2022) (quoting *Jones v. Bank of Am., N.A.*, 564 Fed.Appx. 432, 434 (11th Cir. 2014)). Without a valid basis for jurisdiction, the Court cannot adjudicate these non-core claims and should dismiss them.

### 3.   The Court Should Exercise its Discretion to Abstain

Alternatively, the Court should abstain from hearing the FCCPA counterclaims under permissive abstention principles, codified in 28 U.S.C. § 1334(c)(1). This provision authorizes courts to abstain from matters "in the interest of justice, or in the interest of comity with State courts or respect for State law." Permissive abstention is appropriate here because multiple factors favor abstention.

First, allowing the counterclaims to proceed in state court would simplify the administration of the bankruptcy estate, as these counterclaims are extraneous to the central bankruptcy case and would require additional resources and litigation costs if pursued here.

Second, the counterclaims are based solely on state-law consumer protection issues under the FCCPA, an area traditionally handled by state courts. The FCCPA's specific consumer debt collection framework falls within the expertise and jurisdictional interest of Florida state courts, especially in ensuring uniformity of consumer protection law. Handling these issues in Florida state courts, rather than in federal bankruptcy court, respects principles of comity and aligns with the purpose of § 1334(c)(1).

Third, principles of comity strongly support abstention in this case. The state court has already reviewed and dismissed Debtor's claims after he filed them there, confirming Debtor's own view that state court is the appropriate forum for interpreting and applying Florida's FCCPA. (See, Motion, at 5-6). Although the dismissal was without prejudice and does not have a preclusive effect, comity counsels in favor of deferring to the state court to avoid duplicative litigation and ensure consistent application of Florida law.

Fourth, adjudicating these non-core claims in state court would avoid potential prejudice to other creditors, as continued litigation of these issues in bankruptcy court may divert resources from the central purpose of reorganizing the estate. Moreover, the claims could invite duplicative proceedings, as state courts are better positioned to address the consumer debt nature of these claims while allowing the bankruptcy court to focus on the debtor's reorganization. Debtor has not alleged any unique bankruptcy-related reason for this Court to retain jurisdiction over his state-law claims.

### 4. Litigation Privilege Applies

As already determined by the state court where Debtor first filed these claims, under Florida law, litigation privilege extends to any communication "during the course of a judicial proceeding… so long as the act has some relation to the proceeding." *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.*, 639 So. 2d 606, 608 (Fla. 1994). The statements by Counsel Holdings are clearly shielded by Florida's absolute litigation privilege. The communications at issue occurred September 22, 2022. (Answer and Counterclaims, Dkt. 10, at 8). Debtor does not dispute that the Amended Final Judgment in the Texas case was issued July 25, 2023, more than ten months later. (Motion, Dkt. 16, at 2). Nevertheless, Debtor implausibly contends that the litigation had concluded in 2022, arguing that this should negate the privilege. This is both a factual and logical bridge too far. Even if the Court wanted to second guess the Florida state court judge on this issue, privileged communications, made to Jowers' counsel during settlement discussions months prior to issuance of a final, appealable order, are not actionable under the FCCPA.

### 5. Not Consumer Debt

The counterclaims also fail because the debts in question do not meet the FCCPA's definition of consumer debt, which is limited to obligations "<u>primarily</u> for personal, family, or household purposes." Here, more than 99% of the obligations stem from thefts and professional, business-related contracts, including breach of a non-compete agreement and loans issued for business expenses. Such debts are not considered consumer debts under Florida law, disqualifying them from FCCPA

protections. Moreover, Debtor's FCCPA counterclaims failed to even allege that the debts were incurred primarily for personal, family, or household purposes, as required under Fla. Stat. § 559.55(6). Even if Debtor's arguments in his opposition about the personal nature of the debts were convincing (they are not), "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Tierney v. Harrison*, 2022 WL 2670180, at *4 (N.D. Fla. June 8, 2022), *report and recommendation adopted*, 2022 WL 2668541 (N.D. Fla. July 11, 2022) (internal citations and quotations omitted).

### 6. Claims under Sections 559.72(8), (9), and (14) are Legally Insufficient

Even if the FCCPA were applicable, Jowers' claims under Sections 559.72(8), (9), and (14) are legally insufficient. The statements were directed to Jowers' counsel, not to Jowers or his family, negating claims of harassment or abuse. The Response does not deny that the statements in question were made not to the Debtor but to his lawyer, in California, by an attorney speaking from Texas. *See Schauer v. Gen. Motors Acceptance Corp.*, 819 So. 2d 809, 811 (Fla. 4th DCA 2002) (holding that FCCPA harassment claims require willful communication with the debtor or a family member, rather than with third parties such as attorneys). Additionally, Counsel Holdings' actions were based on enforceable judgments, undermining any claim of illegitimate debt enforcement. Debtor fails to allege that Counsel Holdings acted without a legitimate belief in its legal rights, negating any claim under this provision. Finally, there was no public dissemination of debtor information, nor threats of a "deadbeat list," as required to state a claim under Section 559.72(14).

WHEREFORE, the Plaintiff, by and through undersigned counsel, requests that this Court grant the *Motion* and grant the Plaintiff any further relief this Honorable Court deems just and proper.

Dated this 5th day of November, 2024.

                                      **LORIUM LAW**
                                      *Attorneys for Plaintiff/Counter-defendant*
                                      101 N.E. Third Avenue, Suite 1800
                                      Fort Lauderdale, Florida 33301
                                      Telephone: (954) 462-8000
                                      Facsimile: (954) 462-4300

                                      By: */s/ Jason E. Slatkin*
                                              Jason E. Slatkin
                                              Florida Bar No. 040370
                                              jslatkin@loriumlaw.com

                                      and

                                      /s/ Robert E. Kinney
                                      Robert E. Kinney (Pro Hac Vice)
                                      Texas State Bar No. 00796888
                                      Robert@KinneyPC.com

                                      Robert E. Kinney
                                      824 West 10th Street, Suite 200
                                      Austin, Texas 78701
                                      Tel: (512) 636-1395

## Certificate of Service

I CERTIFY that a true copy of the foregoing has been served via email through the Court's CM/ECF system to David Ray, Esq., dray@draypa.com, draycmecf@gmail.com, simone.draypa@gmail.com on this 5th day of November, 2024.

                                                   */s/ Jason E. Slatkin*
                                                    Jason E. Slatkin

7631.001