# FORGIVABLE LOAN AGREEMENT

**THIS FORGIVABLE LOAN AGREEMENT** ("Agreement") is entered into as of the 1st day of February 2012 ("Effective Date") by and between Recruiting Partners GP, Inc. d/b/a Kinney Recruiting, Inc. (the "Company"), and Evan Jowers ("Employee").

**WHEREAS**, Employee has requested that the Company loan Employee Fifty Thousand Dollars ($50,000.00) for the purpose of purchasing a vehicle and other general expenses; and

**WHEREAS**, the Company has agreed to provide Employee with the loan in exchange for Employee's services as an employee of the Company and other valuable consideration.

**NOW THEREFORE**, the parties hereto agree as follows:

1. **THE LOAN**. The Company shall loan ("Loan") Employee a total of Fifty Thousand US Dollars ($50,000.00) ("Loan Amount") while he is actively employed by the Company. For purposes of this Agreement, the "Principal Amount" shall mean the Loan Amount as adjusted by any reductions provided under Section 7 of this Agreement.

2. **INTEREST**. The rate of interest shall be 1.17% per annum (or the Applicable Federal Rate as promulgated by the Internal Revenue Service for medium term loans as of the date of this Agreement, whichever is higher).

3. **PROMISSORY NOTE**. The Loan shall be made pursuant to a promissory note in the form attached hereto as Exhibit A (the "Note"). Employee shall execute the Note concurrently with the execution of this Agreement.

4. **TAXES**. Employee shall be responsible for, and shall pay in compliance with applicable law and without any assistance from the Company, all taxes that may become due and payable to any taxing authority as a result of or in connection with this Agreement or any transaction hereunder, including without limitation any forgiveness of the Loan or imputed interest. If the Company is required to withhold any amounts or to make any tax payments in respect of consideration provided by the Company, such amounts may be deducted from any salary, bonus, or other amounts otherwise payable by the Company to Employee. To the extent not withheld, Employee agrees to pay to the Company in cash or check an amount equal to any withholding obligation imposed on the Company by reason of this Agreement. Employee has sought his own counsel regarding this Agreement and its tax and other consequences, and acknowledges that the Company has not provided any tax or other advice or representations concerning this Agreement or the transactions hereunder.

5. **REPAYMENT OF LOAN**. The outstanding Principal Amount and accumulated interest shall be due and payable in full on January 31, 2021, subject to (a) acceleration of payment under the circumstances described in Section 6 or Section 8 of this Agreement, and (b) the reductions provided under Section 7 or Section 8 of this Agreement. Any payments due from Employee under this Agreement shall be made payable to Kinney Recruiting, Inc., and shall be sent to the Company at the address set forth in Section 12(g).

6. **ACCELERATION OF PAYMENT.**

(a) <u>Termination of Employment</u>. Except as provided in Section 8, upon Employee's termination of employment with the Company for any reason, any outstanding Principal Amount will be immediately due and payable. Any questions as to whether and when there has been a termination of employment and the cause of such termination shall be determined by the Company in its sole discretion, and its determination shall be final and binding.

(b) <u>Transfer of Employment</u>. Upon Employee's transfer to a position of employment with the Company or its affiliates different from the position Employee holds as of the Effective Date, any outstanding Principal Amount will be immediately due and payable. Notwithstanding anything herein to the contrary, for purposes of this paragraph 6(b), the outstanding Principal Amount shall be determined solely pursuant to Section 7(b).

7. **REDUCTION OF PRINCIPAL AMOUNT AND FORGIVENESS OF INTEREST.** The Principal Amount and applicable interest shall be reduced as follows:

(a) Provided that at all times during the nine years immediately following execution of this Agreement Employee remains employed by the Company or by a parent or subsidiary of the company, the Principal Amount shall be reduced by $1/216^{th}$ (9 years times 12 months times 2 pay periods per month) for each semi-monthly pay period during such nine year period and the Company shall forgive such portion of the Principal Amount as well as interest accumulated as of the date of such payment.

(b) If the Employee is employed by the Company upon the date of a sale or merger of the Company or its subsidiary, Kinney Recruiting Limited, with a third party (unaffiliated) company, the Principal Amount as of the date of such sale and all accumulated interest shall be forgiven in full.

8. **REDUCTION IN FORCE.** If Employee's employment is terminated by the Company as part of a reduction in force, then, provided Employee executes a release in a form acceptable to Company (the "Release") and Employee does not revoke the Release during any applicable revocation period, (i) if the amount of benefit to which Employee would be entitled under the Company's severance plan is greater than the outstanding Principal Amount, Employee shall receive the benefit under the severance plan and the outstanding Principal Amount shall become immediately due and payable, or (ii) if the amount of benefit to which Employee would be entitled under the Company's severance plan is less than the outstanding Principal Amount, the Company will forgive the outstanding Principal Amount and Employee shall waive any benefit under the severance plan. If Employee does not satisfy the requirement of a Release set forth above, then the provisions of Section 7(a) shall apply.

9. **RECOURSE**. Until repaid or forgiven, the Loan shall be with full recourse to Employee and his estate and Employee shall be personally liable for all amounts that may become payable pursuant to this Agreement. The Company may (but shall not be obligated to), without limiting other remedies, reduce any repayment obligation Employee may incur by retaining amounts otherwise payable to Employee.

10. **NON-TRANSFERABLE**. This Agreement shall not be assignable or otherwise transferable by Employee but shall inure to the benefit of Employee's estate or Employee's legal successor upon death or disability. Subject to the foregoing, the rights and obligations of Employee and the Company under this Agreement shall be binding upon and benefit the successors, assigns, heirs, administrators and transferees of the parties.

11. **NO RIGHT TO EMPLOYMENT**. Nothing herein shall confer upon Employee the right to continue in the employment of the Company or affect any right which the Company may have to terminate the employment of Employee.

12. **MISCELLANEOUS**.

(a) This Agreement shall be governed exclusively by, and be construed and enforced in accordance with, the laws of the State of Texas. Venue for any disputes arising from or related to this Agreement shall lie solely, and is convenient, in Travis County, Texas. The parties agree that they will not contest the choice of venue and choice of law provisions of this Paragraph in any future proceedings.

(b) This Agreement constitutes the entire agreement and understanding of the Company and Employee with respect to the subject matter hereof and supersedes all prior and contemporaneous written or verbal agreements and understandings between Employee and the Company relating to such subject matter. Employee and the Company each acknowledge and represent that this Agreement is entered without reliance on any promise or representation other than those expressly contained herein. This Agreement may be amended only by written instrument signed by Employee and an authorized officer of the Company. Any and all prior agreements, understandings or representations relating to the transactions contemplated herein are terminated and cancelled in their entirety and are of no further force or effect.

(c) If any provision of this Agreement shall be held invalid, illegal or unenforceable, the remaining provisions of the Agreement shall remain in full force and effect and the invalid, illegal or unenforceable provision shall be limited or eliminated only to the extent necessary to remove such invalidity, illegality or unenforceability in accordance with the applicable law at that time.

(d) Either party's failure to enforce any provision or provisions of this Agreement shall not in any way be construed as a waiver of any such provision or provisions, nor prevent that party thereafter from enforcing each and every other provision of this Agreement. The rights granted both parties herein are cumulative and

shall not constitute a waiver of either party's right to assert all other legal remedies available to it under the circumstances.

(e) Performance under this Agreement is not intended and is not to be construed as an accord and satisfaction or other release or discharge of any obligations or indebtedness of Employee to the Company not otherwise evidenced specifically.

(f) Any notices, demands or other communications required or desired to be given by any party shall be in writing and shall be validly given to another party if served either personally or if deposited in the United States mail, certified or registered, postage prepaid, return receipt requested. If such notice, demand or other communication shall be served personally, service shall be conclusively deemed made at the time of such personal service. If such notice, demand or other communication is given by mail, such notice shall be conclusively deemed given forty-eight (48) hours after the deposit thereof in the United States mail addressed to the party to whom such notice, demand or other communication is to be given as hereinafter set forth:

> To the Company: Kinney Recruiting, Inc.
> 2406 Harris Blvd
> Austin, Texas 78703
> Attention: Robert E. Kinney
>
> To Employee: Evan Jowers
> At his address of record as maintained in the Company's employment files

Either party may change its address for the purpose of receiving notices, demands and other communications by providing written notice to the other party in the manner described in this paragraph.

(g) Employee agrees upon request to execute any further documents or instruments necessary or desirable to carry out the purpose or intent of this Agreement.

(h) This Agreement may be executed in more than one counterpart, each of which shall be deemed an original, but all of which together shall constitute but one and the same instrument.

*[Signature Page Follows]*

**IN WITNESS WHEREOF**, the parties have duly executed this Agreement as of the day and year first set forth above.

**KINNEY RECRUITING, INC.**

By: *Robert E Kinney*

Digitally signed by Robert E Kinney
DN: cn=Robert E Kinney, o=Kinney Recruiting, Inc., ou, email=robert@kinneyrecruiting.com, c=US
Date: 2012.01.29 22:26:17 -06'00'

Robert E Kinney, President

**EMPLOYEE**

DocuSigned by:
*Evan Jowers*
E62419B440584D1...
Evan Jowers

## Exhibit A

## PROMISSORY NOTE

$50,000.00                                                                                               Austin, Texas
December 16, 2011

For value received, I promise to pay to Kinney Recruiting, Inc., a Texas company (the "Company") or order, at its principal office at 824 W 10th Street, Suite 202, Austin, Texas 78701, or at such other place as the Company shall designate in writing, the aggregate principal amount of $50,000.00, together with interest thereon at the rate of 1.17 percent per annum, payable at the times and in the manner set forth in that certain Forgivable Loan Agreement (the "Agreement") dated concurrently herewith by and between the undersigned and the Company, the terms of which are incorporated herein by reference.

Principal and interest are payable in lawful money of the United States of America. The privilege is reserved to prepay any portion of this Note at any time without penalty.

I hereby waive presentment for payment, demand, protest, notice of protest, notice of dishonor and notice of non-payment of this Note, and all other notices in connection with the delivery, acceptance, performance, default or enforcement of the payment of this Note.

This Note shall be exclusively governed by, and construed and enforced in accordance with, the laws of the State of Texas.

By: *Evan Jowers* (DocuSigned, E62419B440584D1...)
Evan Jowers

# Signed with DocuSign®

**Learn More**

This document was securely signed using DocuSign Ink® on the DocuSign® Global Network. DocuSign provides a fast, easy and secure way to send your forms and documents, collect data and get electronic signatures for your business.

**The document you received includes the following security features:**

1. It was signed in a secure online environment using digital encryption technologies from VeriSign

2. An audit trail was created when the document was signed, and includes information such as the time the document was delivered, the IP address where the document was signed, the email address of the user signing the document and the location where the document was signed

3. The signature you see in this PDF is linked to the signer's DocuSign ID which provides more information about the person who signed the document

4. A tamper evident copy of the document has been saved in the signer's secure account

## Try DocuSign for **FREE**▶

When it comes to signatures, security is critical. This document has been securely signed and sent using DocuSign Ink. With DocuSign, you'll gain even greater control and security when SENDING documents for signature. Lower costs, eliminate errors, and get your transactions closed faster. Visit us at www.docusign.com/sender to learn more about the benefits of using DocuSign.



