UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

In re

EVAN PHILLIP JOWERS,                    Chapter 11

        Debtor.                              Case No. 24-13584-MAM
_____/

COUNSEL HOLDINGS, INC.,

        Plaintiff,
v.                                      Adv. Pro. No.: 24-01338-MAM

EVAN PHILLIP JOWERS,

        Defendant.
_____/

## MOTION TO SUPPLEMENT AFFIRMATIVE DEFENSES

Plaintiff, Evan Phillip Jowers (the "Plaintiff") seeks to supplement his affirmative defenses. Pursuant to Fed. R. Civ. P. 15, as adopted by Fed. R. Bankr. P. 7015, as it has already been 21 after service of the answer and there are no responsive pleadings operative in this matter currently that would freely grant the requested amendment, the Defendant would need to obtain the Plaintiff's written consent or the Court's leave to amend. The Defendant requested the Plaintiff's consent, which was refused. The Plaintiff now seeks the Court's leave to amend its affirmative defenses.

On July 3, 2024, Counsel Holding, Inc. (the "Plaintiff") filed the above captioned adversary proceeding against Defendant, Evan Phillip Jowers (the "Defendant") seeking exception of the Plaintiff's claim from discharge under 11 U.S.C. §§ 523(a)(4) and (a)(6). An Answer, Affirmative Defenses and a Counterclaim were filed by the Plaintiff on September 4, 2024 (D.E.'s 10 & 11). On September 25, 2024, the Defendant filed a Motion

to Dismiss the Counterclaim (D.E. 16). Following a Response to Defendant's Motion to Dismiss (D.E. 23) and a Reply by the Defendant (D.E. 24) a hearing was held on the Motion to Dismiss the Counterclaim which was granted by the Court without prejudice to the Plaintiff refiling a counterclaim by February 27, 2025 (D.E. 33). The Defendant filed the Amended Counterclaim on February 27, 2025 (D.E. 39).

As of March 3, 2025, there have been no depositions, and limited discovery undertaken by either party. While the Defendant's 2004 examination is set for March 17, 2025, that examination concerns the main bankruptcy case captioned above and not the adversary. Discovery in this adversary is not set to be concluded, at this time, until the end of May (D.E. 33) with depositions potentially held until June 10, 2025. Finally, pursuant to the Court's Scheduling Order (D.E. 12), the deadline to move to amend is "14 days before the pretrial conference" currently set on June 11, 2025.

The Plaintiff seeks to supplement the affirmative defenses originally filed with the following two affirmative defenses:

**As and for the Twelfth Affirmative defense, Defendant states res judicata applies to this matter. A prior action MWK Recruiting, Inc. vs. Evan P. Jowers: Case No. 1:18-CV-444-RP was filed in the United States District Court for the Western District of Texas and resulted in a judgment on the merits. The present action involves the same claims litigated in the prior action, the parties are the same and the Plaintiff is precluded from relitigating these claims.**

**As for the Thirteenth Affirmative defense, Defendant states that the Plaintiff is collaterally estopped from relitigating issues in this action. In a prior action MWK Recruiting, Inc. vs. Evan P. Jowers: Case No. 1:18-CV-444-RP in the United States**

2

**District Court for the Western District of Texas the issues of "fraud," "willfulness," and "maliciousness" were litigated and determined. Those issues were necessary to the judgment that was entered. The Plaintiff had a full and fair opportunity to litigate those issues in that prior action and is now precluded from relitigating those issues in this matter.**

Following a significant litigation in Texas before the Federal District Court, and a full bench trial, United States District Judge, Robert Pitman, in a forty-four (44) page Findings of Fact and Conclusions of Law (attached as Ex. to the adversary proceeding (Adv. D.E. 1-1) filed by the Plaintiff) proceeded, in detail, to provide findings of fact and conclusions of law that are the basis of the claim filed by the Plaintiff in the main bankruptcy case.[1] Judge Pitman found for the Plaintiff in each of his four counts, namely, "Misappropriation of Trade Secrets," "Breach of Jowers Agreement," "Forgivable Loan(s)," and "Revolving Loans." However, despite the judgment granted to the Plaintiff, Judge Pitman did not award "exemplary damages" under Texas law to the Plaintiff or "attorney fees or costs" under the misappropriation of trade secrets count. Under Texas law, to award exemplary damages the claimant must prove by clear and convincing evidence that the harm resulted from fraud, malice, or gross negligence. See In re Longhorn Paving & Oilfield Services, Inc., 647 B.R. 679 (2022). Judge Pitman stated, "A court may award attorney fees to the prevailing party in a claim for misappropriation of trade secrets under the TUTSA and FDTSA if the misappropriation is "willful and malicious" Tex. Civ. Prac. & Rem. Code § 134A.005(3), 18 U.S.C. §1836(b)(3)(D).

---

[1] The Findings of Fact and Conclusions of Law did not contain a further award of attorney fees for breach of contract which were tabulated at a later hearing to determine reasonableness, and which make up a sizeable portion of the bankruptcy claim filed by the Plaintiff.

3

Based on the standards enunciated, Judge Pitman stated that "[t]he evidence presented at trial supports a finding that at least some of the candidates at issue here were long-time friends of Jowers or specifically requested Jower's assistance with their job search after he left [the Defendant]….Further, certain candidates affirmatively chose not to work with the [Plaintiff] after the [Plaintiff] reach out to them following Jower's departure…For these reasons, the Court declines to use its discretion to award exemplary damages or attorney fees and costs" for the misappropriation of trade secrets. Nowhere in Judge Pitman's forty-four-page ruling did he ever find any fraud committed by the Defendant.

Pursuant to Fed. R. Civ. P. 15, as adopted by Fed. R. Bankr. P. 7015, the treatment of allowing additional affirmative defenses should be liberally allowed. See <u>Dionisio v. Ultimate Images and Designs, Inc.</u>, 391 F. Supp. 3d 1187 (S.D. Fla. 2019); see also <u>Forsythe v. Starboard Yacht Group, LLC</u>, 730 F. Supp. 3d 1302 (S.D. Fla. 2024). In this matter, with discovery far from complete, no upcoming deadlines, the deadline to amend going through the end of May, and with the liberal standard to allow the supplementing of affirmative defenses the Plaintiff requests that the Court allow the Plaintiff to supplement its affirmative defenses as stated herein.

WHEREFORE, the Plaintiff requests that the Court, 1) grant this Motion; 2) and provide any further relief the Court deems necessary or appropriate.

DATED: March 7, 2025                                **PARAGON LAW, LLC**

                                                    <u>/s/Kristopher Aungst</u>
                                                    Kristopher Aungst, Esq.
                                                    Counsel for the Debtor
                                                    Paragon Law, LLC
                                                    2665 S. Bayshore Dr.,
                                                    Suite 220-10

4

        Miami, FL 33133
        Phone: 305-812-5443
        Email: ka@paragonlaw.miami
        Florida Bar No. 55348

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the Motion to Supplement Affirmative Defenses was served this the 7th day of March 2025, via CM/ECF.

Respectfully submitted,

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court of the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-l(A).

/s/ Kristopher Aungst, Esq.
Kristopher Aungst, Esq.