

EXHIBIT "B"

IN THE EIGHTH JUDICIAL CIRCUIT
IN AND FOR ALACHUA COUNTY, FLORIDA

CASE №:012022CA003042XXXXXX

EVAN JOWERS,

**Jury Trial Demanded.**

    Plaintiff,

v.

ROBERT E. KINNEY, and
COUNSEL HOLDINGS, INC.,

    Defendants.
_____/

## AMENDED MOTION TO TRANSFER CASE TO THE COUNTY COURT SMALL CLAIMS DIVISION PURSUANT TO RULE 1.060

Pursuant to Florida Rule of Civil Procedure 1.060, Plaintiff respectfully files this Motion to Transfer Case to the County Court, Small Claims Division Pursuant to Rule 1.060. In support of this Motion, Plaintiff states:

1. This is an active case which involves a debt collectors (and the purported successor in interest to MWK Recruiting, Inc.) that threatened Plaintiff and his family. *Brandal v. State Farm Mut. Auto. Ins. Co.*, 310 So. 2d 780, 781 (Fla. 2d DCA 1975) (order granting motion to dismiss for failure to state a claim is not a final judgment); *Hancock v. Piper*, 186 So. 2d 489, 490 (Fla. 1966) ("an order

dismissing a cause but granting additional time in which to file an amended complaint is nothing more than an interlocutory order and . . . the [trial] court still has control of the litigation.).

2. The alleged consumer debt arose from loans extended to Plaintiff. Defendant Robert Kinney and Counsel Holdings, Inc. served as a debt collector and threatened Plaintiff and his family. They both directed his harm into the State of Florida and knowingly attempted to collect that debt against Plaintiff, who at all material times was present in the State of Florida, was a Florida resident, and Florida citizen.

3. While this action was filed in the Circuit Court Division upon further investigation of the claim, this Court lacks subject matter jurisdiction over the cause. This is because the amount in controversy does not exceed $50,000. §§ 26.012; 34.01 Fla. Stat.

4. Under Florida Small Claims Court Rule 7.010(b), and section 34.01, Florida Statutes, cases that do not exceed $50,000 should be assigned to the County Court—and cases that do not exceed $8,000 should be assigned to the small claims division of the Court. Because this case does not involve a claim and controversy that exceeds $50,000, this Court no longer has jurisdiction to adjudicate this case. § 26.012 Fla. Stat. ("Circuit courts shall have exclusive

original jurisdiction . . . In all actions at law not cognizable by the county courts[.]"

5. Pursuant to Rule 1.060, the Court should transfer the case "to the proper court within said county by the same method as provided in rule 1.170(j)", *i.e.*, it should be transferred to the County Court, Small Claims Division. *See Sullivan v. Nova Univ.*, 613 So. 2d 597, 600 (Fla. 5th DCA 1993) (if plaintiff does not establish that the amount in controversy exceeds the jurisdictional threshold, "the case should be transferred to county court."); Fla. Sm. Cl. R. 7.010(b) (the County Court's Small Claims Rules apply to civil controversies that do not $8,000 exclusive of costs, interest, and attorneys' fees.); § 26.012(2)(a), Fla. Stat. (Circuit courts shall have exclusive original jurisdiction: In all actions at law not cognizable by the county courts.); § 34.01, Fla. Stat. (In cases filed between 2020 and 2023, the County Court's jurisdictional amount is limited to $30,000 exclusive of costs, interest, and attorneys' fees.).

**WHEREFORE**, pursuant to Rule 1.060, Plaintiff respectfully moves this Court transfer this case to the County Court, Small Claims Division.

3

DATED: October 5, 2023         Respectfully Submitted,
**ZERMAY LAW, P.A.**

<u>/s/Zachary Z. Zermay</u>
Zachary Z. Zermay, Esq.
Florida Bar № 1002905
1200 Fourth Street #1102
Key West, Fl 33040
Email: zach@zermaylaw.com
Telephone: 239-699-3107
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 5, 2023, I electronically filed the foregoing document with the Clerk of the Court using Florida Court's E-Filing Portal and all counsel of record have been served via transmission of Notice of Electronic Filing generated by Florida Court E-Filing Portal or in some other authorized manner.

**ZERMAY LAW, P.A.**

<u>/s/Zachary Z. Zermay</u>
Zachary Z. Zermay, Esq.

4