UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

In re

EVAN PHILLIP JOWERS,　　　　　　　　　　Chapter 11

　　　　　Debtor.　　　　　　　　　　　　　　Case No. 24-13584-MAM
_____/

COUNSEL HOLDINGS, INC.,

　　　　　Plaintiff,
v.　　　　　　　　　　　　　　　　　　　　Adv. Pro. No.: 24-01338-MAM

EVAN PHILLIP JOWERS,

　　　　　Defendant.
_____/

**DEFENDANT'S AMENDED ANSWER AND
AFFIRMATIVE DEFENSES[1]**

Evan Phillip Jowers ("Defendant"), by and through undersigned counsel, hereby answers the adversary complaint (the "Complaint") of Counsel Holdings, Inc. (the "Plaintiff"), as follows:

1. Admitted.

2. Admitted.

3. Defendant neither admits nor denies the allegations set forth in paragraph 3 of the Complaint and leaves the Plaintiff to its proofs. To the extent that a further response is required; denied.

4. Defendant neither admits nor denies the allegations set forth in paragraph 4 of the Complaint and leaves the Plaintiff to its proofs. To the extent that a further response is required; denied.

5. Defendant neither admits nor denies the allegations set forth in paragraph 5 of the Complaint and leaves the Plaintiff to its proofs. To the extent that a further response

1

---

[1] Amended to add affirmative defenses 12 and 13 as granted by the Court's Order at D.E. 56.

is required; denied.

6. Denied.

7. Paragraph 7 of the Complaint asserts legal conclusions that do not have to be admitted or denied. In the alternative, to the extent that any facts are alleged, Defendant denies each and every allegation, averment, and claim for entitlement to relief and specifically denies that Plaintiff is entitled to any relief or recovery whatsoever in this action.

8. Defendant refers the Plaintiff to Exhibit "A" attached to the Complaint, which speaks for itself. In the alternative, to the extent that any facts are alleged, Defendant denies each and every allegation, averment, and claim for entitlement to relief and specifically denies that Plaintiff is entitled to any relief or recovery whatsoever in this action.

9. Defendant refers the Plaintiff to Exhibit "B" attached to the Complaint, which speaks for itself. In the alternative, to the extent that any facts are alleged, Defendant denies each and every allegation, averment, and claim for entitlement to relief and specifically denies that Plaintiff is entitled to any relief or recovery whatsoever in this action.

10. Admitted.

11. Admitted.

12. Admitted.

13. Defendant refers the Plaintiff to Exhibit "C" attached to the Complaint, which speaks for itself. In the alternative, to the extent that any facts are alleged, Defendant denies each and every allegation, averment, and claim for entitlement to relief and specifically denies that Plaintiff is entitled to any relief or recovery whatsoever in this action.

14. Paragraph 14 of the Complaint asserts legal conclusions that do not have to be admitted or denied. In the alternative, to the extent that any facts are alleged, Defendant denies each and every allegation, averment, and claim for entitlement to relief and specifically denies that Plaintiff is entitled to any relief or recovery whatsoever in this action.

15. Defendant hereby incorporates its answers to Paragraphs 1 through 14 of

the Complaint and incorporates the same as if fully set forth herein.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Defendant refers the Plaintiff to Exhibit "C" attached to the Complaint, which speaks for itself. In the alternative, to the extent that any facts are alleged, Defendant denies each and every allegation, averment, and claim for entitlement to relief and specifically denies that Plaintiff is entitled to any relief or recovery whatsoever in this action.

21. Denied.

22. Defendant hereby incorporates its answers to Paragraphs 1 through 14 of the Complaint and incorporates the same as if fully set forth herein.

23. Defendant admits to entering into an employment agreement with Plaintiff, in all other respects, denied.

24. Defendant refers the Plaintiff to the findings of the District Court, which speak for themselves. In the alternative, to the extent that any facts are alleged, Defendant denies each and every allegation, averment, and claim for entitlement to relief and specifically denies that Plaintiff is entitled to any relief or recovery whatsoever in this action.

25. Defendant refers the Plaintiff to Exhibit "A" attached to the Complaint, which speaks for itself. In the alternative, to the extent that any facts are alleged, Defendant denies each and every allegation, averment, and claim for entitlement to relief and specifically denies that Plaintiff is entitled to any relief or recovery whatsoever in this action.

26. Denied.

27. Denied.

28. Defendant refers the Plaintiff to Exhibit "A" attached to the Complaint, which speaks for itself. In the alternative, to the extent that any facts are alleged, Defendant denies each and every allegation, averment, and claim for entitlement to relief and specifically denies that Plaintiff is entitled to any relief or recovery whatsoever in this

3

action.

29. Denied.

## **AFFIRMATIVE DEFENSES**

1. As and for the First Affirmative Defense, the Complaint fails to state a cause of action under 11 U.S.C. § 523(a)(4) of the Bankruptcy Code, because nondischargeability of debts is limited to the grounds enumerated in 11 U.S.C. § 523 and the Plaintiff has not alleged facts supporting any of those grounds.

2. As and for the Second Affirmative Defense, the Complaint fails to state a cause of action under 11 U.S.C. § 523(a)(6) of the Bankruptcy Code, because nondischargeability of debts is limited to the grounds enumerated in 11 U.S.C. § 523 and the Plaintiff has not alleged facts supporting any of those grounds.

3. As and for the Third Affirmative Defense, the Complaint fails to meet all the elements of a claim under 11 U.S.C. §§ 523 *et seq*. of the Bankruptcy Code.

4. As and for the Fourth Affirmative Defense, Defendant states that any statements, errors or omissions made by the Debtor as alleged in the Complaint are or were non-material and/or *de minimis*.

5. As and for the Fifth Affirmative Defense, Defendant states that at all times relevant to the facts alleged in the Complaint, Defendant owed no fiduciary duty to Plaintiff.

6. As and for the Sixth Affirmative Defense, Defendant states that at all times relevant, all representations made to Plaintiff by Debtor were mere statements of opinion, belief, or expectation.

7. As and for the Seventh Affirmative Defense, Defendant states that no actionable representations of fact were made to the Plaintiff.

8. As and for the Eighth Affirmative Defense, Defendant states that Plaintiff has failed to plead fraud and/or defalcation with the requisite particularity.

9. As and for the Ninth Affirmative Defense, Defendant states that that an action for non-dischargeability of debt is barred by the statute of frauds.

10. As and for the Tenth Affirmative defense, Defendant states that he had neither a subjective intent to harm, or a subjective belief that harm was substantially certain to be incurred by Plaintiff.

11. As and for the Eleventh Affirmative defense, Defendant states that he had no intent to cause willful and/or malicious injury.

12. As and for the Twelfth Affirmative defense, Defendant states res judicata applies to this matter. A prior action MWK Recruiting, Inc. vs. Evan P. Jowers: Case No. 1:18-CV-444-RP was filed in the United States District Court for the Western District of Texas and resulted in a judgment on the merits. The present action involves the same claims litigated in the prior action, the parties are the same and the Plaintiff is precluded from relitigating these claims.

13. As for the Thirteenth Affirmative defense, Defendant states that the Plaintiff is collaterally estopped from relitigating issues in this action. In a prior action MWK Recruiting, Inc. vs. Evan P. Jowers: Case No. 1:18-CV-444-RP in the United States District Court for the Western District of Texas the issues of "fraud," "willfulness," and "maliciousness" were actually litigated and determined. Those issues were necessary to

5

the judgment that was entered. The Plaintiff had a full and fair opportunity to litigate those issues in the prior action and is now precluded from relitigating those issues in this matter.

14. Defendant presently has insufficient knowledge or information upon which to form a belief as to whether Defendant may have additional and yet unstated affirmative defenses available. Defendant reserves the right to assert additional affirmative defenses in the event that discovery indicates that such defenses are appropriate.

### DEMAND FOR JURY TRIAL

Defendant hereby waives as applicable the demand to trial by jury on any issues so triable.

DATED: March 21, 2025

**PARAGON LAW, LLC**

*/s/Kristopher Aungst*
Kristopher Aungst, Esq.
Counsel for the Debtor/Defendant
Paragon Law, LLC
2665 S. Bayshore Dr.,
Suite 220-10
Miami, FL 33133
Phone: 305-812-5443
Email: ka@paragonlaw.miami
Florida Bar No. 55348

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing pleading was served this the 21st day of March 2025, via CM/ECF.

    Respectfully submitted,

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court of the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-l(A).

/s/ Kristopher Aungst, Esq.
Kristopher Aungst, Esq.
Paragon Law, LLC
Attorney for Debtor
2665 S. Bayshore Dr.
Suite 220-10
Miami, FL 33133
305-812-5443
ka@paragonlaw.miami
Florida Bar No. 55348

7