AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

| | | |
|---|---|---|
| Counsel Holdings, Inc | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:18-CV-00444 |
| Evan Jowers | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Evan Jowers

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: 3701 Bee Cave Road, Suite 103, Austin, TX 78746 | Date and Time: 04/18/2024 9:00 am |
|---|---|

The deposition will be recorded by this method: Stenographic and Video

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Attached List.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/15/2024

CLERK OF COURT

OR

_____     /s/ Robert E. Kinney
*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Counsel Holdings, Inc. , who issues or requests this subpoena, are:

Robert E. Kinney, 824 W 10th Street, Suite 200, Austin, TX 78703

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:18-CV-00444

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)**

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **COUNSEL HOLDINGS, INC.** <br><br> **Judgment Creditor,** <br><br> v. <br><br> **EVAN P. JOWERS** <br><br> **Judgment Debtor.** | **Civil Action No. 1:18-cv-00444** |

## NOTICE OF INTENTION TO TAKE DEPOSITION OF EVAN JOWERS

TO:  EVAN P. JOWERS, Pro Se, by email to evan@jowersvargas.com

PLEASE TAKE NOTICE that Counsel Holdings, Inc. will take the oral deposition of Judgment Debtor Evan Jowers on April 18, 2024, beginning at 9:00 a.m. Central Time, and continuing thereafter from day to day until completed.

The deposition will be taken in person at 3701 Bee Caves Road, Suite 103, Austin, TX 78746. This deposition will be taken pursuant to Fed.R.Civ.P. 69(a)(2) and Tex.R.Civ.P. 621a. The deposition will be taken before an officer authorized to administer oaths, and it will be recorded stenographically and by video.

Mr. Jowers (referred to as "you" and "your" below) is instructed to produce, at the time and place of the taking of this deposition, for examination and copying in conjunction with the taking of the deposition, the following documents:

1. All monthly statements, from September 19, 2022, to the present date, for all of bank, credit card, debit card, money market, or other financial accounts (including but not limited to deposit, checking, savings, money market, brokerage,

credit card, debit card, and retirement accounts) held in your name, your spouse's name, or in the name of any entity in which you have a direct or indirect ownership interest, including but not limited to Legis Ventures (HK) Company Limited, Jowers/Vargas, Jowers Vargas LLC, Jowers Langer LLC.

2. All documents reflecting any income received by you, your spouse, or any entity in which you have a direct or indirect ownership interest, including but not limited to Legis Ventures (HK) Company Limited, Jowers/Vargas, Jowers Vargas LLC, Jowers Langer LLC, regardless of the source of that income, and including placement fees, placement commissions, rents, real estate commissions, referral fees, wages, or distributions from September 19, 2022, to the present date.

3. All documents reflecting any money received by you or your spouse from any businesses in which you hold an ownership interest of any kind, from September 19, 2022, to the present date.

4. All documents that reflect any real estate interests, of any kind, owned by you from September 19, 2022, to the present date, including the legal description and street address of those real estate interests (including but not limited to deeds, notes, mortgages, and land sale contracts).

5. All documents that reflect any ownership interest held by you or your spouse in any vehicles, vessels, or aircraft from September 19, 2022, to the present date, including but not limited to certificates of title or registration statements for such property.

6. All documents reflecting profit/loss statements, or statements of earnings,

whether audited or unaudited, prepared by or on your behalf, regardless of the entity, from September 19, 2022, to the present date.

7. All documents reflecting books of account, general ledgers, cash journals, payroll, accounts receivables, or accounts payable ledgers, prepared by or on your behalf from September 19, 2022, to the present date.

8. All documents reflecting all billings, paychecks, invoices, purchase orders, sales receipts, or other statements for any work, services, or sales generated or performed by you or your spouse or anyone who worked for or with you from September 19, 2022, to the present date.

9. All documents reflecting all contracts, employment agreements, or commission agreements between yourself (including when you were acting on behalf of any entity) and any person, corporation, company, or business entity of any kind, that were in effect at any time from September 19, 2022, to the present date.

10. All documents relating to any transactions taking place between September 19, 2022, to the present date, in which you, your spouse, or any entity in which you have a direct or indirect ownership interest (including but not limited to Legis Ventures (HK) Company Limited, Jowers/Vargas, Jowers Vargas LLC, Jowers Langer LLC) received any kind of money or property.

11. All documents relating to any trust in which you are named as a trustee, trustor, or beneficiary, including a complete list of the assets of the trust.

12. All documents relating to any loans of any kind made by or to you, your spouse or your affiliated enterprises from September 19, 2022, to the present date.

NOTE. You should bring all documents related to loans you made <u>and</u> loans you received.

13. All documents relating to any patents, copyrights, trademarks, trade names, domain names, or inventions in which you, your spouse, or any entity in which you have a direct or indirect ownership interest (including but not limited to Legis Ventures (HK) Company Limited, Jowers/Vargas, Jowers Vargas LLC, Jowers Langer LLC) have had any kind of ownership interest in between September 19, 2022, to the present date.

14. All documents relating to any surety bonds issued or to be issued in your name (including all correspondence related to obtaining quotes for such bonds) between September 19, 2022, to the present date.

15. All tax returns prepared on your behalf, including for any businesses in which YOU have any kind of ownership interest, between September 19, 2022, to the present date.

16. All documents prepared by you or on your behalf related to any application by you for Hong Kong residency, including but not limited to your business plan and any statement made by you pursuant to such application regarding your assets.

17. All operating and formation documents for any corporate entities in which you have an ownership interest of any kind.

18. All documents reflecting any ownership interest that you have in any natural resources.

19. All documents reflecting any existing encumbrances of any kinds (such as

liens or wage garnishment orders) on any assets (of any kind) and sources of income disclosed by you in response to any of the prior requests for production of documents.

20. All documents reflecting, concerning or discussing any actual or potential forfeiture or seizing of your Assets by any government entity or any amounts owing to any government entity.

21. All documents and communications concerning or discussing your ability to pay your debts as they became due at any time, including but not limited to any written demands by your creditors or lenders for payment.

22. All documents and communications concerning or discussing the transfer of your assets (including assets held on your behalf by any person) without receiving a reasonably equivalent value in exchange for the transfer.

| | |
|---|---|
| Dated: March 15, 2024 | Respectfully Submitted |
| | /s/ Robert E. Kinney |
| | Robert E. Kinney |
| | Texas State Bar No. 00796888 |
| | Robert@KinneyRecruiting.com |
| | |
| | **Robert E. Kinney** |
| | 824 West 10th Street, Suite 200 |
| | Austin, Texas 78701 |
| | Tel: (512) 636-1395 |
| | |
| | Raymond W. Mort, III |
| | Texas State Bar No. 00791308 |
| | raymort@austinlaw.com |
| | |
| | **THE MORT LAW FIRM, PLLC** |
| | 100 Congress Ave, Suite 2000 |
| | Austin, Texas 78701 |
| | Tel/Fax: (512) 865-7950 |
| | |
| | **ATTORNEYS FOR PLAINTIFF AND FOR COUNTER-DEFENDANTS** |

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served upon Plaintiff by e-mail on the dated indicated above.

*/s/ Robert E. Kinney*
Robert E. Kinney
