IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA,
WEST PALM BEACH DIVISION

| | |
|---|---|
| In re: | Case No: 24-13584-MAM |
| EVAN PHILLIP JOWERS, | Chapter 11 |
| Debtor. | |
| COUNSEL HOLDINGS, INC., | Adv. Case No.: 24-01338-MAM |
| Plaintiff, | |
| v. | |
| EVAN PHILLIP JOWERS, | |
| Defendant. | |

**COUNTER-DEFENDANT COUNSEL HOLDINGS, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COUNTERCLAIM OR FOR ABSTENTION**

Counsel Holdings, Inc. ("CHI") respectfully submits this reply in further support of its Motion to Dismiss the Amended Counterclaim (ECF No. 39). Jowers' Response (ECF No. 62) does not remedy the legal deficiencies previously identified and, notably, reveals additional inconsistencies that further justify dismissal.

### I. Jowers's Business Debts Are Not Actionable Under the FCCPA

As the Court previously recognized in dismissing the initial counterclaim, Jowers's debts are not "consumer debts" as defined by the Florida Consumer Collection Practices Act. *See* Fla. Stat. § 559.55(6). The debts arise from a $3.6 million federal judgment entered against Jowers for breach of contract, misappropriation of trade secrets, and unpaid business loans. These obligations were incurred in the course of a long-running professional relationship, and their purpose was plainly commercial—not personal, family, or household. Jowers does not allege any new facts that

would change that analysis. Because the FCCPA does not apply to business debts, the amended counterclaim fails at the threshold and should again be dismissed.

## II. **Jowers's inconsistent positions regarding the amount in controversy preclude federal jurisdiction**

Jowers currently asserts that his FCCPA damages exceed $75,000 to satisfy federal diversity jurisdiction requirements. Yet, previously in Alachua County Circuit Court, Jowers explicitly represented that the amount in controversy was below $50,000—and specifically less than $8,000—to justify transferring his claims to small claims court. See Mot. to Transfer, Ex. B to Motion to Dismiss. Judicial estoppel prohibits Jowers from asserting contradictory positions in different judicial forums merely to secure jurisdictional advantages. *See New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (holding judicial estoppel prevents parties from taking inconsistent positions across proceedings). Although strict judicial estoppel typically requires prior judicial acceptance of the inconsistent position, Jowers' abrupt reversal—from explicitly asserting damages under $8,000 in state court to now claiming over $75,000—strongly indicates bad-faith forum shopping. In such circumstances, principles of comity weigh heavily against allowing litigants to manipulate jurisdictional facts across proceedings. Courts have emphasized that comity is particularly significant when faced with transparent attempts to gain unfair procedural advantages by shifting positions between state and federal forums. *See Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 423 (2010) (stressing that considerations of comity and federalism are heightened when a litigant engages in conduct designed to exploit jurisdictional boundaries); Int'l Coll. of Surgeons v. City of Chicago, 153 F.3d 356, 362 (7th Cir. 1998) (highlighting that comity considerations are particularly important when a party's procedural maneuvering threatens judicial integrity).Additionally, Jowers' use of *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368 (2012), is misplaced. *Mims* addresses federal-question jurisdiction under the Telephone Consumer Protection

Act, specifically noting that federal courts must accept jurisdiction explicitly provided by Congress. It does not address issues of diversity jurisdiction, judicial estoppel, or situations involving inconsistent jurisdictional claims. Likewise, Jowers' citation to *Brumfield*, No. 2:23-CV-0341-TOR, 2024 U.S. Dist. LEXIS 26129 (E.D. Wash. Feb. 14, 2024), does not support his position because *Brumfield* merely restates general removal jurisdiction principles without addressing contradictory statements concerning the amount in controversy. These cases do not aid Jowers' argument and further highlight the lack of merit in his attempt to establish jurisdiction.

### III. The FCCPA claims are neither compulsory nor "core" bankruptcy matters.

Jowers attempts to portray his FCCPA counterclaims as "core" bankruptcy proceedings, suggesting they could impact the total amount owed to CHI. This mischaracterizes the scope of "core" proceedings defined by *Stern v. Marshall*, 564 U.S. 462 (2011) (holding bankruptcy courts lack authority to finally adjudicate independent state law counterclaims unrelated to claims allowance). Jowers' FCCPA claims, which stem from post-judgment collection efforts, are purely statutory claims under Florida state law and have no bearing on the dischargeability issues before this Court under 11 U.S.C. §§ 523(a)(4) or (a)(6).

Moreover, the FCCPA counterclaims do not meet the compulsory counterclaim standard. They pertain solely to separate post-judgment collection actions distinct from CHI's original claims of breach of contract, loans, and trade secret misappropriation. *See Montgomery Ward Dev. Corp. v. Juster*, 932 F.2d 1378, 1381 (11th Cir. 1991) (affirming claims arising from different transactions or occurrences are not compulsory counterclaims).

### IV. Abstention is appropriate given the state court's prior determination.

Even if the counterclaim could somehow survive on the merits, abstention is warranted under 28 U.S.C. § 1334(c)(1). The Alachua County court has already addressed these same FCCPA

3

claims and determined that the conduct was protected by Florida's litigation privilege. It also entered a channeling injunction requiring Jowers to litigate any related claims in that venue. Jowers voluntarily dismissed that case and refiled in bankruptcy court—an obvious effort to escape prior adverse rulings. Allowing this case to proceed here would undermine comity and reward forum shopping. *In re United Container LLC*, 284 B.R. 429, 438 (Bankr. S.D. Fla. 2002); *In re Gober*, 100 F.3d 1195, 1207 (5th Cir. 1996).

V. **Jowers fails to demonstrate a qualifying consumer debt under the FCCPA.**

Jowers fails to adequately address that the underlying Texas judgment relates predominantly to business transactions: breach of contract and trade secret misappropriation. The FCCPA explicitly excludes debts arising primarily from business purposes. *See Oppenheim v. I.C. Sys., Inc.*, 627 F.3d 833, 838 (11th Cir. 2010) (clarifying the FCCPA's application solely to personal, family, or household debts). While Jowers alleges that some proceeds were used personally, the controlling criterion under FCCPA is the primary purpose of the debt—which here is indisputably business-related.

VI. **Florida's absolute litigation privilege continues to bar the counterclaim.**

Jowers attempts to circumvent Florida's absolute litigation privilege by misapplying *Moise v. Ola Condo. Ass'n, Inc.*, 314 So. 3d 708 (Fla. 3d DCA 2021). In *Moise*, the court addressed unauthorized collection actions not protected by privilege. CHI's situation differs fundamentally, as it is pursuing legitimate post-judgment collection on a valid federal judgment. The Florida Supreme Court explicitly affirmed that litigation privilege broadly covers statements made in judicial and post-judgment proceedings. *See Echevarria v. Cole*, 950 So. 2d 380 (Fla. 2007) (affirming litigation privilege protects all judicial proceedings communications, including collection efforts).

*Adv. Case No.: 24-01338-MAM*

## VII. Conclusion

For the foregoing reasons, CHI respectfully requests this Court dismiss Jowers' amended counterclaim with prejudice. Alternatively, CHI requests the Court abstain pursuant to 28 U.S.C. § 1334(c)(1).

Dated this 27th day of March 2025.

> LORIUM LAW
> *Attorneys for Plaintiff/Counter-defendant*
> 101 N.E. Third Avenue, Suite 1800
> Fort Lauderdale, Florida 33301
> Telephone:   (954) 462-8000
> Facsimile:   (954) 462-4300
>
> By:  */s/ Jason E. Slatkin*
>      Jason E. Slatkin
>      Florida Bar No. 040370
>      jslatkin@loriumlaw.com

## Certificate of Service

I CERTIFY that a true copy of the foregoing has been served via email through the Court's CM/ECF system to Kris Aungst, Esq., ka@paragonlaw.miami  Zachary Z. Zermay, Esq., zach@zermaylaw.com on this 27th day of March 2025.

> */s/ Jason E. Slatkin*
> Jason E. Slatkin