IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA,
WEST PALM BEACH DIVISION

| | |
|---|---|
| In re: | Case No: 24-13584-MAM |
| EVAN PHILLIP JOWERS, | Chapter 11 |
| Debtor. | |
| COUNSEL HOLDINGS, INC., | Adv. Case No.: 24-01338-MAM |
| Plaintiff, | |
| v. | |
| EVAN PHILLIP JOWERS, | |
| Defendant. | |

**COUNTER-DEFENDANT COUNSEL HOLDINGS, INC.'S
MOTION FOR SANCTIONS PURSUANT TO RULE 9011(c)(1)(A)**
**(Not to be filed with or presented to the Court unless the challenged paper is not
withdrawn or corrected within 21 days after service)**

Plaintiff/Counter-Defendant Counsel Holdings, Inc. ("CHI"), by and through undersigned counsel, respectfully moves for sanctions under Federal Rule of Bankruptcy Procedure 9011(c)(1)(A) against the Debtor, Evan P. Jowers, and his counsel, Kristopher Aungst, Esq., and Zachary Z. Zermay, Esq., because Debtor's *Amended Counterclaim* violates Rule 9011(b) and as grounds therefore, CHI states as follows:

1. Debtor, in his *Amended Counterclaims*, reasserts the same baseless claims previously dismissed by this Court and alleges nothing new that changes things.

2. Despite being cautioned by this Court from doing so, Debtor brings the same exact claims, based on the same set of operative facts, to allege the same three counts as set forth in Debtor's initial counterclaims.

3. As set forth in *Counter Defendant Counsel Holdings, Inc.'s Motion to Dismiss Amended Counterclaim or for Abstention* ("*Motion to Dismiss*") filed simultaneously with the service hereof and which is incorporated herein in its entirety, Debtor's *Amended Counterclaims* should be dismissed because of their frivolity and Debtor and Debtor's counsel who signed the *Amended Counterclaims* should be sanctioned pursuant to Rule 9011.

## **Memorandum of Law**

Federal Rule of Bankruptcy Procedure 9011(b) obligates parties to file pleadings for a proper purpose, supported by existing law or a nonfrivolous argument for extending the law, and with evidentiary support (or likely evidentiary support after a reasonable investigation). If these requirements are not met, Rule 9011(c)(1)(A) authorizes sanctions.

> "A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served … but shall not be filed with or presented to the court unless, within 21 days after service … the challenged paper … is not withdrawn or appropriately corrected."

Fed. R. Bankr. P. 9011(c)(1)(A); *see also In re Evergreen Sec., Ltd.*, 570 F.3d 1257, 1273 (11th Cir. 2009) (affirming Rule 9011 sanctions where pleadings lacked legal or factual support); *Roundtree v. Bush Ross, P.A.*, 2013 WL 1814925, at *2 (M.D. Fla. Apr. 29, 2013) (sanctioning party for reasserting knowingly baseless consumer-protection claims).

Debtor refiled the same legally defective claims after the Court dismissed them. The pattern of reasserting dismissed, or untenable claims suggests a motive to force CHI to incur needless legal fees and obstruct legitimate enforcement of a valid judgment, as discussed in CHI's *Motion to Dismiss*. Accordingly, pursuant to Rule 9011(c)(2), Counsel Holdings requests that this Court impose sanctions against Debtor and his counsel, awarding CHI its attorney fees and costs incurred in defending Debtor's baseless amended counterclaims.

Adv. Case No.: 24-01338-MAM

| | |
|---|---|
| Dated this 12th day of March 2025. | **LORIUM LAW**<br>*Attorneys for Plaintiff/Counter-defendant*<br>101 N.E. Third Avenue, Suite 1800<br>Fort Lauderdale, Florida 33301<br>Telephone:   (954) 462-8000<br>Facsimile:    (954) 462-4300<br><br>By:  */s/ Jason E. Slatkin*<br>       Jason E. Slatkin<br>       Florida Bar No. 040370<br>       jslatkin@loriumlaw.com |

### Certificate of Service

I CERTIFY that a true copy of the foregoing has been served via email on Kris Aungst, Esq., ka@paragonlaw.miami and Zachary Z. Zermay, Esq., zach@zermaylaw.com on this 12th day of March 2025.

*/s/ Jason E. Slatkin*
Jason E. Slatkin

### Certificate of Filing and Service

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the Court's CM/ECF system on Kris Aungst, Esq., ka@paragonlaw.miami and via email on Zachary Z. Zermay, Esq., zach@zermaylaw.com, on this 7th day of April 2025.

*/s/ Jason E. Slatkin*
Jason E. Slatkin

7631.001