UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

In re EVAN PHILLIP JOWERS,	Chapter 11

        Debtor.	Case No. 24-13584-MAM
_____/

COUNSEL HOLDINGS, INC.,

Plaintiff,
   v.	Adv. Pro. No.: 24-01338-MAM

EVAN PHILLIP JOWERS,

Defendant.
_____/

**MOTION TO ALLOW WITNESSES TO APPEAR AND TESTIFY REMOTELY**

      The Defendant, Evan Phillip Jowers (the "Defendant"), through undersigned counsel and pursuant to Federal Rule of Civil Procedure 43(a) (made applicable by Federal Rule of Bankruptcy Procedure 9017), for good cause stated below and in compelling circumstances as stated below, seeks to petition to the Court to have the following witnesses be permitted to testify by contemporaneous transmission from a location other than the courtroom. As required by the Court, the Defendant will have: (a) if requested, each remote witness disclose the city, state and country, and the type of place (such as home or office), where she or he is located while testifying; (b) instruct each witness that other person is permitted to be in the same room with any remote witness unless specifically authorized by the Court; (c) each remote witness shall have with her or him only those documents also provided to the Court for consideration in connection with the matter set for hearing and no other documents or data unless specifically authorized by the Court; and (d) no person will communicate with a witness during his or her

1

testimony, except by direct examination or cross-examination on the record, unless specifically authorized by the Court.

Further, the Defendant, as the party sponsoring each remote witness, shall be responsible for ensuring that the remote witness has registered with Zoom and obtained the password-protected link to the video conference, the remote witness has obtained all exhibits prior to the hearing, and the remote witness has the technological capability to participate in the hearing via Zoom.

The following are the witnesses the Defendant would seek to call and have appear remotely, with the "good cause" and "compelling circumstances" stated for each witness:

1) Pamela Usukumah-Senior Associate at Covington & Burling in London
   a. Ms. Usukumah is living in a foreign country and working full-time at a prestigious (and busy) law firm. Travel cost and time would make it prohibitively difficult for her to travel to a trial on this matter. Ms. Usukumah's testimony will go to the heart of the litigation, regarding the elements that Plaintiff must prove under § 523(a)(4) and 523(a)(6).

2) James Change- Partner at DLA Piper in Beijing, China
   a. Mr. Chang is living in a foreign country and working full-time at a prestigious (and busy) law firm. Travel cost and time would make it prohibitively difficult for him to travel to a trial on this matter. Mr. Chang's testimony will go to the heart of the litigation, regarding the elements that Plaintiff must prove under § 523(a)(4) and 523(a)(6).

3) Yuliya Vinokurova, former employee in Planitiff's company, lives in Russia

    a. Ms. Vinokurova is living in a foreign country, one where travel abroad is immensely difficult. Travel cost and time would make it prohibitively difficult for her to travel to a trial on this matter. Her testimony will go to the heart of the litigation, regarding the elements that Plaintiff must prove under § 523(a)(4) and 523(a)(6).

4) Meng Ding- Partner at Sidley Austin in Hong Kong

    a. Mr. Ding is living in a foreign country and working full-time at a prestigious (and busy) law firm. Travel cost and time would make it prohibitively difficult for him to travel to a trial on this matter. Mr. Ding's testimony will go to the heart of the litigation, regarding the elements that Plaintiff must prove under § 523(a)(4) and 523(a)(6).

5) Steve Kang- Partner at Latham Watkins in Korea

    a. Mr. Kang is living in a foreign country and working full-time at a prestigious (and busy) law firm. Travel cost and time would make it prohibitively difficult for him to travel to a trial on this matter. Mr. Kang's testimony will go to the heart of the litigation, regarding the elements that Plaintiff must prove under § 523(a)(4) and 523(a)(6).

6) Rose Zhu- Former partner at Cadwalader, Wickersham & Taft, resides in China

    a. Ms. Zhu is living in a foreign country and working full-time at a prestigious (and busy) law firm. Travel cost and time would make it prohibitively difficult for her to travel to a trial on this matter. Ms. Zhu's testimony will go to the heart of the litigation, regarding the elements that Plaintiff must prove under § 523(a)(4) and 523(a)(6).

7) David Kuo- Partner at KL Gates in Singapore

   a. Mr. Kuo is living in a foreign country and working full-time at a prestigious (and busy) law firm. Travel cost and time would make it prohibitively difficult for him to travel to a trial on this matter. Mr. Kuo's testimony will go to the heart of the litigation, regarding the elements that Plaintiff must prove under § 523(a)(4) and 523(a)(6).

8) Alexis Lamb- former employee of Plaintiff's company (resides in Atlanta, GA)

   a. Ms. Lamb lives in Atlanta, Georgia. Travel cost and time to South Florida would be time consuming and expensive for her. Her testimony will go to the heart of the litigation, regarding the elements that Plaintiff must prove under § 523(a)(4) and 523(a)(6).

9) Paige Drewelow-former employee of Plaintiff's company (resides in Austin, TX)

   a. Ms. Drewelow lives in Austin, Texas. Travel cost and time to South Florida would be time consuming and expensive for her. Her testimony will go to the heart of the litigation, regarding the elements that Plaintiff must prove under § 523(a)(4) and 523(a)(6).

10) Peter Gutensohn-former employee of Plaintiff's company (resides in Virginia)

   a. Mr. Gutensohn lives in Virginia. Travel cost and time to South Florida would be time consuming and expensive for him. His testimony will go to the heart of the litigation, regarding the elements that Plaintiff must prove under § 523(a)(4) and 523(a)(6).

In each instance, the witness either lives in another state or another country. The time and cost to travel to the trial on this matter would be burdensome to each of the witnesses. Each witness will be able to testify regarding specific elements of § 523(a)(4) and 523(a)(6) in the Plaintiff's lawsuit, including, but not limited to Mr. Jower's intent, wilfulness, maliciousness and their own personal interactions with the Plaintiff, as relevant to this matter. These witnesses are critical to the Defendant's defense and ability to counter the Plaintiff's allegations.

Wherefore, the Defendant requests that the Court: 1) grant this motion; 2) find that allowing the above witnesses to appear through video to provide testimony is allowable pursuant to "good cause found" and that their distance from the Court and need for their testimony equates to a "compelling circumstance"; 3) grant any further such instruction regarding their testimony or relief as the Court deems necessary and appropriate.

Dated:    May 15, 2025

Respectfully submitted,

   **/s/ Kristopher Aungst**
Kristopher Aungst, Esq., Attorney for Defendant
Fla. Bar # 55348
2665 S. Bayshore Dr.,
Suite 220-10
Miami, FL 33133
Telephone: 305-812-5443
Email: ka@paragonlaw.miami

**CERTIFICATE OF SERVICE**

Service of this Motion was performed via the CM/ECF noticing system on May 15, 2025.

5