IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA,
WEST PALM BEACH DIVISION

| | |
|---|---|
| In re: | Case No: 24-13584-MAM |
| EVAN PHILLIP JOWERS, | Chapter 11 |
| Debtor. | |
| COUNSEL HOLDINGS, INC., | Adv. Case No.: 24-01338-MAM |
| Plaintiff, | |
| v. | |
| EVAN PHILLIP JOWERS, | |
| Defendant. | |

**COUNTER-DEFENDANT COUNSEL HOLDINGS, INC.'S
MOTION FOR PROTECTIVE ORDER REGARDING
DEPOSITION OF ROBERT KINNEY**

Counsel Holdings, Inc. ("CH"), by and through undersigned counsel, files this Motion for Protective Order pursuant to Federal Rule of Civil Procedure 26(c), made applicable by Bankruptcy Rule 7026, and states:

**Background**

1. This is an adversary proceeding seeking a determination that a judgment debt against the Debtor is nondischargeable under 11 U.S.C. §§523(a)(4) and (a)(6).

2. Debtor has filed a procedurally dubious and legally unsupported amended counterclaim under the Florida Consumer Collection Practices Act (FCCPA), primarily rehashing claims already addressed and rejected in prior proceedings, and currently subject to a pending motion to dismiss.

3. A judicial settlement conference is scheduled in this case for May 20, 2025.

4. Notwithstanding the pending motion, Debtor now seeks to schedule the deposition of CH's principal, Robert Kinney, and insists that it occur in person in the Southern District of Florida before the Court rules on the motion to dismiss the counterclaims.

5. Conducting Mr. Kinney's deposition before the counterclaim's viability has been determined is procedurally premature and unnecessarily burdensome.

6. Mr. Kinney has offered to appear for deposition by Zoom in the second half of June, after the upcoming May 20 judicial settlement conference and if not settled, after the counterclaim issue is adjudicated by the Court.

7. The Debtor refuses to agree to a remote deposition and is intent on engaging in burdensome and premature discovery.

## Relief Requested

CH respectfully requests that the Court enter a protective order:

- Prohibiting the deposition of Robert Kinney from proceeding until the Court rules on CH's motion to dismiss the amended counterclaims;
- Requiring that any deposition of Mr. Kinney be conducted by Zoom or other remote technology;
- If the deposition proceeds later, explicitly limiting its scope solely to issues relevant to the §523(a) nondischargeability claims and any counterclaims surviving dismissal; and
- Awarding any other relief the Court deems just and proper.

## Legal Standard

Federal Rule of Civil Procedure 26(c), made applicable by Federal Rule of Bankruptcy Procedure 7026, authorizes the Court to issue protective orders, for good cause shown, to shield a

*Adv. Case No.: 24-01338-MAM*

party or deponent from "annoyance, embarrassment, oppression, or undue burden or expense." Appropriate relief may include:

- Specifying the time and place of discovery;
- Limiting the method or scope of examination; or
- Directing that discovery be conducted by remote means. See Fed. R. Civ. P. 26(c)(1)(B)–(E).

Rule 30(b)(4) expressly permits depositions to be taken by "telephone or other remote means," and courts routinely approve such arrangements when physical attendance would impose avoidable expense, travel, or logistical burdens.

Courts in this Circuit have recognized that remote depositions — especially those involving party witnesses — can satisfy all procedural requirements while significantly reducing litigation burdens. See *Estate of Barwick v. McKeithen*, No. 4:20-cv-236-AW-MAF, 2021 WL 308224, at *1 (N.D. Fla. Jan. 29, 2021) (approving remote deposition absent showing of specific prejudice or necessity for in-person appearance).

Moreover, this District has authorized the widespread use of remote depositions, particularly in complex matters. In *In re Zantac (Ranitidine) Prods. Liab. Litig.*, No. 9:20-md-02924, the Southern District of Florida adopted a stipulated deposition protocol that expressly encouraged remote testimony as the default method unless a party demonstrated good cause for in-person examination.

Remote *deposition* is thus well within the Court's authority and discretion — particularly where, as here, the deponent has voluntarily agreed to appear remotely, and no prejudice to the Debtor has been demonstrated.

**Argument**

This adversary proceeding is limited to nondischargeability issues. Mr. Kinney is not a fact witness to Debtor's state of mind or conduct. The Debtor's insistence on an immediate, in-person

3

*Adv. Case No.: 24-01338-MAM*

deposition—despite the pending dispositive motion and scheduled judicial settlement conference—strongly suggests a tactical motive intended to impose undue burden rather than legitimate discovery necessity. Moreover, given modern practices and widespread judicial approval of remote depositions post-COVID, Debtor has neither argued nor demonstrated any specific prejudice resulting from Mr. Kinney's deposition being conducted remotely.

Rule 43(a) imposes stringent requirements for remote trial testimony due to the critical importance of live witness credibility assessments and cross-examination. In contrast, Rule 30(b)(4) explicitly anticipates remote depositions as a routine method, particularly in modern litigation practice following COVID-19. This distinction strongly supports proceeding by Zoom here, especially given the lack of any demonstrable prejudice to the Debtor.

### Conclusion

Given the clear distinction in standards between deposition and courtroom testimony, the lack of demonstrated prejudice, and the unnecessary burden and expense of an in-person deposition, CH respectfully requests an order requiring any deposition of Mr. Kinney to proceed remotely and only after the Court has ruled on CH's pending motion to dismiss the amended counterclaims.

Dated this 16th day of May 2025.

**LORIUM LAW**
*Attorneys for Plaintiff/Counter-defendant*
101 N.E. Third Avenue, Suite 1800
Fort Lauderdale, Florida 33301
Telephone: (954) 462-8000
Facsimile: (954) 462-4300

By: */s/ Jason E. Slatkin*
Jason E. Slatkin
Florida Bar No. 040370
jslatkin@loriumlaw.com

*Adv. Case No.: 24-01338-MAM*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via the Court's CM/ECF system on Kris Aungst, Esq. (ka@paragonlaw.miami; ka@paragonlaw.miami), and on Zachary Z. Zermay, Esq. (zach@zermaylaw.com), on this 16th day of May 2025.

                                              */s/ Jason E. Slatkin*
                                              Jason E. Slatkin