IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA,
WEST PALM BEACH DIVISION

| | |
|---|---|
| In re:<br><br>EVAN PHILLIP JOWERS,<br><br>    Debtor. | Case No: 24-13584-MAM<br><br>Chapter 11 |
| COUNSEL HOLDINGS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>EVAN PHILLIP JOWERS,<br><br>    Defendant. | Adv. Case No.: 24-01338-MAM |

**COUNTER-DEFENDANT COUNSEL HOLDINGS, INC.'S
<u>OBJECTION TO DEBTOR'S MOTION TO ALLOW REMOTE TESTIMONY</u>**

Counsel Holdings, Inc. ("CH"), by and through undersigned counsel, hereby files this Objection to Debtor's Motion to Allow Remote Testimony [Doc. 81] pursuant to Federal Rule of Civil Procedure 43(a), made applicable by Bankruptcy Rule 9017, and states:

**<u>I. INTRODUCTION</u>**

Debtor's motion seeks to allow ten witnesses—most of whom reside outside the United States and beyond the subpoena power of this Court—to testify remotely at trial. Remote testimony at trial (as opposed to during depositions) is disfavored, the exception rather than the rule. Rule 43(a) permits it only in "compelling circumstances" and only with "appropriate safeguards." The motion satisfies neither standard. It is wholly unsupported by affidavits, makes no individualized showing of necessity, and fails to explain how remote testimony can be conducted without

prejudicing CH's ability to conduct effective cross-examination, evaluate credibility, and safeguard its due process rights. Accordingly, the motion should be denied in full.

## II. LEGAL STANDARD UNDER RULE 43(a)

Federal Rule of Civil Procedure 43(a), applicable in this adversary proceeding pursuant to Bankruptcy Rule 9017, states:

> "At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location."

This standard is intentionally demanding. The Advisory Committee Notes to Rule 43(a) underscore that 'mere inconvenience' does not satisfy the compelling circumstances standard. Accordingly, courts have repeatedly held that mere inconvenience, travel distance, cost, or scheduling difficulties are insufficient to meet the burden of showing "compelling circumstances." *See In re Vioxx Products Liability Litigation*, 439 F. Supp. 2d 640, 643 (E.D. La. 2006).

In *Powers v. Target Corp.*, No. 19-CV-60922, 2020 WL 8970607 (S.D. Fla. Mar. 6, 2020), the court denied a request for remote testimony, holding that inconvenience to a witness, even due to professional obligations, does not constitute compelling circumstances. Similarly, in *Ballesteros v. Wal-Mart Stores E., LP*, No. 19-CV-881, 2021 WL 2917553 (M.D. Fla. July 21, 2021), the court emphasized the unique value of in-person testimony and denied a request for remote testimony based solely on travel distance and scheduling issues. In *Novello v. Progressive Express Ins. Co.*, No. 19-CV-1618, 2021 WL 1751351 (M.D. Fla. May 4, 2021), the court rejected remote testimony from a witness over a thousand miles away, reinforcing the presumption that testimony should be live. Finally, in *BluestarExpo Inc. v. Enis*, No. 21-20875-Civ-Scola (S.D. Fla. Oct. 17, 2022), the court flatly denied a motion for remote testimony where witnesses simply refused to travel for

2

trial, holding that such inconvenience was foreseeable and insufficient. These cases reflect a consistent approach among Florida district courts: remote testimony is disfavored and may be permitted only in truly exceptional cases supported by specific, verified facts and proposed safeguards.

### III. THE MOTION PROVIDES NO FACTUAL OR LEGAL BASIS TO MEET THE RULE 43(a) STANDARD

Debtor's motion relies entirely on generalities:

- It asserts, without evidence, that all ten witnesses live far away and have scheduling difficulties.
- It fails to offer any affidavits, declarations, or verified statements from the witnesses attesting to their inability or unwillingness to attend trial in person.
- It fails to explain what specific testimony each witness is expected to offer, or how it relates to the legal issues of willfulness or malice under 11 U.S.C. § 523(a)(6).

In short, the motion is unsupported, conclusory, and deficient on its face, providing no foundation for the Court even to assess the existence of compelling circumstances or the possibility of meaningful safeguards. The Court cannot meaningfully evaluate compelling circumstances or craft appropriate safeguards where the motion fails to present or identify even a single affidavit or verified statement from the proposed witnesses.

### IV. MANY WITNESSES ARE OUTSIDE THE COURT'S SUBPOENA POWER

Several of the proposed witnesses reside in China, Korea, Russia, and Singapore—outside the subpoena power of the Court under Federal Rule of Civil Procedure 45. Allowing remote testimony from witnesses who cannot be compelled to appear, produce documents, or return for cross-examination creates a severe risk of coaching, outside interference, and diminished effectiveness of cross-examination. It also substantially impairs the Court's ability to accurately

evaluate witness credibility and demeanor. *See Ballesteros v. Wal-Mart Stores E., LP*, No. 19-CV-881, 2021 WL 2917553, at *2 (M.D. Fla. July 12, 2021) (stating "live testimony is especially crucial when credibility is at issue," and emphasizing the inherent limitations of remote proceedings in evaluating demeanor); *Powers v. Target Corp.*, No. 19-CV-60922, 2020 WL 8970607, at *2 (S.D. Fla. Mar. 6, 2020) (rejecting remote testimony due to the importance of observing witness demeanor live, and underscoring the inherent limitations and risks of remote proceedings). These risks are precisely what Rule 43(a)'s requirement for "appropriate safeguards" is intended to mitigate, yet Debtor's motion offers no proposed safeguards whatsoever.

## V. SEVERAL WITNESSES ARE LEGALLY IRRELEVANT

This adversary proceeding concerns the nondischargeability of a final judgment. The trial will not re-litigate whether CH could have successfully placed certain candidates. The Debtor's only stated reason to date for calling many of these witnesses (e.g., Kang, Zhu, Chang, Ding) is to demonstrate that they preferred to work with him and would not have worked with CH. That argument was expressly rejected in the underlying judgment. As the district court found:

> "While the Court does not doubt that Jowers's relationships with the six candidates at issue here were personal and individualized, building relationships with candidates was also a requirement of his job as a recruiter for MWK. In other words, he was required to develop these relationships in order to fulfill his job description and requirements. And, despite the parties' disagreements over the extent to which MWK supported Jowers in developing these relationships, the evidence demonstrates that MWK invested resources that provided Jowers with the opportunity to work with Kang, Chang, Usukumah, Ding, Wang, and Zhu."

*Findings of Fact and Conclusions of Law*. This finding underscores the legal irrelevance of the witnesses' personal preferences and makes their proposed testimony unnecessary. Whether a candidate subjectively preferred Jowers is legally immaterial. The issue is not whether CH could have successfully closed the placement, but whether Jowers' actions were intended to cause harm

or whether harm was substantially certain to result. See *In re Walker*, 48 F.3d 1161, 1165 (11th Cir. 1995).

Additionally, witnesses such as Alexis Lamb, Paige Drewelow, Yuliya Vinokurova, David Kuo, and Peter Gutensohn were not even candidates involved in the Texas judgment and are not shown to have any relevant knowledge of the limited legal issues before this Court which focus only on (i) whether the Debtor owed a fiduciary duty which he breached by defalcating CH's property and (ii) whether the Debtor's conduct was willful and malicious.

## VI. CONCLUSION

Debtor has failed to show compelling circumstances or appropriate safeguards under Rule 43(a). This is not a case where remote trial testimony is necessary or fair. Allowing this testimony would not only undermine the clear command of Rule 43(a) but would also deprive CH of the right to a full and fair opportunity to confront its accusers in person — a core component of due process. CH does not categorically oppose remote testimony in genuinely extraordinary circumstances, but any such request must be supported by concrete evidence, a clear articulation of relevance, and sufficient procedural safeguards. This motion does not meet this high standard. Plaintiff respectfully requests that the Court:

1. Deny the motion in full, without prejudice to renew with proper factual support and proposed safeguards;
2. Preclude all ten identified witnesses from appearing remotely at trial absent a renewed motion supported by competent evidence and specific proffers;
3. Follow the consistent approach of Florida federal courts in rejecting remote trial testimony absent verified need and detailed safeguards**;**
4. Grant such other relief as the Court deems just and proper.

*Adv. Case No.: 24-01338-MAM*

Dated this 16th day of May 2025.    **LORIUM LAW**
*Attorneys for Plaintiff/Counter-defendant*
101 N.E. Third Avenue, Suite 1800
Fort Lauderdale, Florida 33301
Telephone:  (954) 462-8000
Facsimile:   (954) 462-4300

By:  */s/ Jason E. Slatkin*
     Jason E. Slatkin
     Florida Bar No. 040370
     jslatkin@loriumlaw.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via the Court's CM/ECF system on Kris Aungst, Esq. (ka@paragonlaw.miami; ka@paragonlaw.miami), and on Zachary Z. Zermay, Esq. (zach@zermaylaw.com), on this 16th day of May 2025.

*/s/ Jason E. Slatkin*
Jason E. Slatkin

7631.001